CELIA ZEIBERG, as Administratrix, etc., of HARRY ZEIBERG, Deceased, Appellant, v. VINELAND BUTTER & EGG CORPORATION, Respondent.— Action to recover the balance of monies alleged to have been advanced by the plaintiff's intestate to the defendant corporation, and not repaid. Order denying plaintiff's motion to strike out the separate defense on the ground that it is insufficient in law, and to dismiss the counterclaim on the ground that it does not state facts sufficient to constitute a cause of action, affirmed, with ten dollars costs and disbursements. Plaintiff may serve a reply to the counterclaim within ten days after service of a copy of the order entered hereon. No opinion. Lazansky, P. J., Carswell, Johnston, Adel and Close, JJ., concur.

CELIA ZEIBERG, as Administratrix, etc., of HARRY ZEIBERG, Deceased, Appellant, v. VINELAND BUTTER & EGG CORPORATION, LOUIS HELFER, MORRIS WEINBERGER, JOSEPH PICARSKY and ISIDORE BRODSKY, Respondents, and Others, Defendants.— Order denying plaintiff's motion to strike out the second affirmative defense alleged in the answer of respondents, in so far as appealed from, affirmed, with ten dollars costs and disbursements. Concededly the plaintiff can establish no cause of action on the contract without proving the existence of sufficient surplus in the corporation and that the transfer of the stock to the corporation does not have the effect of reducing capital. The second affirmative defense seems rather a superfluity in view of the plaintiff's burden of proof, but we affirm the order on the grounds (1) that the presence of the second affirmative defense does no harm and (2) the answer is good enough for a complaint which does not make entirely clear the respective liabilities of the various defendants. Lazansky, P. J., Carswell, Johnston, Adel and Close, JJ., concur.